# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

GRANT AVIATION, INC., )
                                     Plaintiff, )    3:20-CV-00043-JWS

vs. )    ORDER AND OPINION
                                                              [Re: Doc. 9]
SERCO INC., )

                                     Defendant. )

## I. MOTION PRESENTED

At docket 9 Defendant Serco Inc. ("Serco") moves the court for dismissal pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiff Grant Aviation, Inc. ("Grant Aviation") opposes the motion at docket 10. Serco replies at docket 11. Oral argument would not be of assistance to the court.

## II. BACKGROUND

This case arises out of an aircraft accident at the airport in Bethel, Alaska, on July 8, 2019. Grant Aviation was operating aircraft N9448B on a passenger flight to Bethel. Air traffic control services at the Bethel Airport were being provided by Serco pursuant to a contract with the Federal Aviation Administration ("FAA"). According to the complaint, as the plane approached the Bethel Airport, Serco's agents or employees operating the air traffic control tower cleared aircraft N9448B to land on runway 12, while simultaneously clearing another aircraft to land on runway 1L. The pilot of N9448B attempted to land on

-1-

runway 12 as authorized but was unable to execute the landing. The pilot announced the missed approach to air traffic control. Serco's air traffic controller instructed the pilot to turn left immediately. The complaint alleges that the direction was given in an urgent manner. The pilot complied with the instruction and in doing so stalled the aircraft, which then crashed.

Grant Aviation alleges negligence on the part of Serco's air traffic controller for failing to keep the required separation between landing aircraft and instructing the N9448B pilot to turn left. More specifically, Grant Aviation claims that the instruction from Secro's air traffic controller "violated the applicable standard of care for control tower operators" and that such an instruction would not have been necessary if the controller "had maintained the required separation between landing aircraft."[1] It alleges that these acts and omissions were the sole cause of the accident.

### III. STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[2] To be assumed true, the allegations, "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[3] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

---

[1] Doc. 7 at ¶ 13.

[2] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[3] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

-2-

legal theory."[4]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[5]

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[6]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[8]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[9]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[10]  "In all cases, evaluating a complaint's plausibility is a 'context-specific' endeavor that requires courts to 'draw on ... judicial experience and common sense.'"[11]

---

[4]*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[5]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[6]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7]*Id.*

[8]*Id.* (quoting *Twombly*, 550 U.S. at 556).

[9]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[10]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

[11]*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 996 (9th Cir. 2014)).

## IV. DISCUSSION

Serco argues that even accepting the factual allegations as true the air traffic controller cannot be liable for negligence here because the pilot was ultimately responsible for decisions affecting the operations of the aircraft. That is, it argues that as a matter of law Grant Aviation's pilot was responsible for his or her decision to comply with the air traffic controller's instruction to turn left, which placed the aircraft at risk. Serco relies on 14 C.F.R. § 91.3, which is part of the FAA's regulations governing air traffic and general flight operations. The regulation states that "[t]he pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft."[12]

Grant Aviation asserts that while its pilot may have had a duty to safely operate the aircraft, he had a concurrent obligation to comply with the air traffic controller's instruction to turn left. It relies on 14 C.F.R. § 91.123, which states that except in an emergency "no person may operate an aircraft contrary to an [air traffic control] instruction in an area in which air traffic control is exercised."[13] While Serco acknowledges the pilot's obligation to comply with air traffic control directions, it argues that such an obligation is secondary to the pilot's ultimate duty to operate the aircraft safely and that the instruction provided by its air traffic controller created a situation that in fact required the pilot to exercise ultimate authority over the aircraft and deviate from that instruction in order to operate the plane safely.

Serco's position that Grant Aviation has not stated a plausible claim is without adequate support. The applicable case law makes clear that in airplane tort cases the standard of due care is concurrent; the pilot and the air traffic controller are both responsible for the safe conduct of the aircraft when that aircraft is landing or taking off.[14] While a pilot may be directly responsible for the aircraft's operation, a pilot's negligent

---

[12] 14 C.F.R. § 91.3(a).

[13] 14 C.F.R. § 91.123(b).

[14] *Spaulding v. United States*, 455 F.2d 222, 226 (9th Cir. 1972).

performance of that duty does not necessarily relieve air traffic control of its own responsibilities.[15] Indeed, in order for a pilot to be legally responsible, "he must know those facts which are material to the operation of his plane" and one source of such information is air traffic control.[16] Air traffic control has a duty to provide warnings required in the applicable manuals and other warnings as necessary given the circumstances. "This duty to warn is based on the simple tort principle that once the Government has assumed a function or service [such as air traffic control], it is liable for negligent performance."[17] Indeed, there are cases to support Grant Aviation's specific claim that an air traffic controller breaches its duty of care if he or she gives a pilot a deficient instruction upon which the pilot relies.[18]

The court cannot conclude that as a matter of law the pilot here was required to deviate from the air traffic controller's instruction to turn left. Such a conclusion would require the court to consider what the pilot should have known and done in light of all the circumstances, which is not for the court to decide on a Rule 12(b)(6) motion. The issue is simply whether Grant Aviation has stated a plausible claim for relief, and it has.

---

[15] *Webb v. United States*, 840 F.Supp. 1484, 1511 (D. Utah 1994).

[16] *Spaulding*, 455 F.2d at 226.

[17] *Id.*

[18] *See Yates v. United States*, 497 F.2d 878, 883 (10th Cir. 1974) (rejecting the defendant's argument that the pilot had no right to rely on instructions which the air controller gave him and that the pilot is required to form his own judgment about the prudence of the controller's instruction and declining to find the controller's directions as "merely advisory"); *Rodriquez v. United States*, 823 F.2d 735, 740-42 (3d Cir. 1987) (upholding the district court's finding of negligence on the part of the air traffic controller based upon an inadequate instruction); *Himmler v. United States*, 474 F. Supp. 914 (E.D.Pa. 1979) ("Where . . . the pilot places himself in the hands of the controller and thereafter follows the controller's suggestions or instructions, the pilot is entitled to rely upon such information and directions and is not free or expected to disregard same.").

## V. CONCLUSION

Based on the preceding discussion, the motion to dismiss at docket 9 is DENIED.

DATED this 11th day of September 2020.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT